# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-1241** (Jackson County 14-F-67)

**Jessica Souther,**
**Defendant Below, Petitioner**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jessica Souther, by counsel George J. Cosenza, appeals the Circuit Court of Jackson County's October 8, 2015, order sentencing her to three to fifteen years in prison following a jury trial and conviction on one count of child neglect resulting in death.[1] The State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her post-trial motions for judgment of acquittal and a new trial when the jury's verdict was inconsistent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, petitioner was indicted on two felony counts: (1) driving under the influence ("DUI") causing death, in violation of West Virginia Code § 17C-5-2,[2] and (2) child

---

[1]We note that, while petitioner purportedly appeals the October 8, 2015, order sentencing her to prison, her sole assignment of error relates to the denial of her post-trial motions.

[2]West Virginia Code § 17C-5-2(b) provides as follows:

Any person who drives a vehicle in this state while he or she is in an impaired state and such impaired state proximately causes the death of any person is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than three nor more than fifteen years and shall be fined not less than $1,000 nor more than $3,000[.]

1

neglect resulting in death, in violation of West Virginia Code § 61-8D-4a(a).[3] The charges stemmed from the wreck of a vehicle in August of 2013 that killed petitioner's infant child.

In June of 2015, a jury trial commenced. At trial, the evidence showed that petitioner, her husband, and the child were traveling from Lower Salem, Ohio, to Charleston, West Virginia, in August of 2013. Petitioner was the driver of the vehicle. While traveling in the southbound lane of Interstate 77 through Jackson County, West Virginia, the vehicle crossed the median, rolled several times, and came to a stop in the northbound lanes of the interstate. All three occupants were ejected from the vehicle during the wreck, the child still in his car seat. Petitioner and her infant child were badly injured and were transported to Charleston Area Medical Center ("CAMC"). The child ultimately died from his injuries. While at CAMC, a sample of petitioner's blood was taken and tested. The blood test results revealed metabolites of morphine and cocaine as well as a prescription depressant. Two forensic toxicologists, Samuel Kenneth Fortener and Donna Papsun, testified at the trial. Although neither toxicologist could state when petitioner ingested the substances found in her blood or whether she was "impaired" at the time of the wreck, Ms. Papsun testified that the presence of the substances in petitioner's blood could have affected her judgment and ability to operate a vehicle at the time of the wreck. The jury acquitted petitioner of DUI causing death but convicted her of child neglect resulting in death.

Following the jury's verdict, petitioner filed two post-trial motions: (1) a motion to set aside the verdict and enter judgment of acquittal, pursuant to Rule 29 of the West Virginia Rules of Criminal Procedure, and (2) a motion for a new trial, pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure.[4] At a post-trial motions hearing, petitioner admitted that a

---

[3]West Virginia Code § 61-8D-4a(a) provides as follows:

> If any parent, guardian or custodian shall neglect a child under his or her care, custody or control and by such neglect cause the death of said child, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than one thousand dollars nor more than five thousand dollars or committed to the custody of the division of corrections for not less than three nor more than fifteen years, or both such fine and imprisonment.

[4]Petitioner included a transcript of the post-trial motions hearing in the record on appeal, which includes the circuit court's consideration and denial of those motions. However, she failed to include in the record on appeal her written post-trial motions and the written order denying them. Although we find the record on appeal in this case minimally sufficient to review the issue presented, we caution petitioner's counsel to include all relevant motions and orders in future appendix records filed with this Court. *See* W.Va. R. App. P. 7(d) (stating that "petitioner shall prepare and file an appendix containing: (1) The judgment or order appealed from, and all other orders[,] applicable to the assignments of error on appeal; [and] (2) Pleadings, motions, and other filings, if their sufficiency, content, or form is in issue or material[.]"). As we have often stated, in the absence of an adequate record on appeal, "the Court on judicial review is greatly at sea without a chart or compass[.]" *Workman v. Workmen's Comp. Comm'r*, 160 W.Va. 656, 662, 236 S.E.2d 236, 240 (1977).

conviction will not generally be vacated on the ground of an inconsistent jury verdict. However, petitioner appears to have argued that the jury's verdict was plainly inconsistent in this case and that the evidence was insufficient to support any finding of guilt. The State argued that the jury's verdict, which was clearly supported by the evidence, should stand. At the conclusion of the hearing, the circuit court denied both motions.

In September of 2015, the circuit court held a sentencing hearing. At the hearing, petitioner moved for alternative sentencing. In its subsequent order, entered on October 8, 2015, the circuit court denied petitioner's motion for alternative sentencing and sentenced her to three to fifteen years in prison. A subsequent "motion for reconsideration" was denied.[5] This appeal followed.

With regard to motions for new trials, we have held as follows:

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). Concerning motions for judgments of acquittal, we have held that

> [t]he trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996).

On appeal, petitioner argues that the circuit court erred in denying her post-trial motions on the ground that the jury's verdict is clearly inconsistent. Petitioner argues that the jury's acquittal on the charge of DUI causing death precludes a finding of guilt on the charge of child neglect resulting in death because both counts involve overlapping criminal conduct. Petitioner acknowledges the long-standing precedent of this Court and the United States Supreme Court of Appeals dismissing challenges based on allegedly inconsistent jury verdicts. *See* Syl. Pt. 5, *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987) (holding that "'[a]ppellate review of a claim

---

[5]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion for reconsideration" in criminal proceedings. Rule 35 of the West Virginia Rules of Criminal Procedure allows a circuit court to revisit its sentencing order for purposes of either correcting or reducing the sentence imposed.

of inconsistent verdicts is not generally available.' *State v. Hall*, 174 W.Va. 599, 328 S.E.2d 206 (1985)."); *State v. Johnson*, No. 14-0082, 2014 WL 6634483 (W.Va. Nov. 24, 2014) (memorandum decision) (declining invitation to revisit holding in *Bartlett* regarding inconsistent jury verdicts). Nevertheless, petitioner invites this Court to revisit its prior holdings and reverse her conviction on the ground that the jury's verdict is improperly inconsistent. In explaining its rationale for dismissing challenges based on inconsistent jury verdicts, the United States Supreme Court has stated as follows:

> [I]nconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause. *See Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *Kepner v. United States*, 195 U.S. 100, 130, 133, 24 S.Ct. 797, 804, 805, 49 L.Ed. 114(1904).
>
> Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course . . . . For us, the possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest. This possibility is a premise of *Dunn [v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) ]'s alternative rationale—that such inconsistencies often are a product of jury lenity. Thus, *Dunn* has been explained by both courts and commentators as a recognition of the jury's historic function, in criminal trials, as a check against arbitrary or oppressive exercises of power by the Executive Branch. *See, e.g., United States v. Maybury*, 274 F.2d 899, 902 (C.A.2 1960) (Friendly, J.); Bickel, Judge and Jury—Inconsistent Verdicts in the Federal Courts, 63 Harv.L.Rev. 649, 652 (1950). *Cf. Duncan v. Louisiana*, 391 U.S. 145, 155-156, 88 S.Ct. 1444, 1450-1451, 20 L.Ed.2d 491 (1968).

*United States v. Powell*, 469 U.S. 57, 64-66 (1984).

Based on our review of the parties' arguments and pertinent legal authority, we decline petitioner's invitation to revisit our prior holdings on this issue. As such, based on clear legal precedent, we find no abuse of discretion in the circuit court's denial of petitioner's post-trial motions on this ground.

For the foregoing reasons, we hereby affirm.

Affirmed.

**ISSUED:** March 13, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING IN WRITING:**

Justice Menis E. Ketchum

Justice Ketchum, dissenting:

In this case, the jury found that petitioner committed child neglect resulting in death by driving under the influence ("DUI"), but somehow also found that petitioner did not commit DUI causing death. This verdict is wholly inconsistent and factually wrong. Our case law states that "[a]ppellate review of a claim of inconsistent verdicts is not generally available." Syl. Pt. 5, *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987) (emphasis added). This case should not fall within that generality. While I understand the principles set forth in *Bartlett* and *Powell*, the verdict in this case defies logic. I would set this case for oral argument.

Based on the foregoing, I respectfully dissent.